Kathryn J. Halford (CA Bar No. 068141)
*Email: khalford@wkclegal.com*
Nicholas Startkman (CA Bar No. 291373)
*Email: nstarkman@wkclegal.com*
**WOHLNER KAPLON CUTLER
HALFORD ROSENFELD & LEVY**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 321
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Western Division

| | |
|---|---|
| Board of Directors of the Motion Picture Industry Pension Plan; Board of Directors of the Motion Picture Industry Individual Account Plan; Board of Directors of the Motion Picture Industry Health Plan, <br><br> Plaintiffs, <br><br> v. <br><br> C7 PRODUCTION, INC., a Delaware corporation; CROSS CREEK PRODUCTIONS, LLC; a Delaware limited liability company; <br><br><br> Defendants. | CASE NO. 2:26-cv-08827 <br><br> **COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA** <br><br> [29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185] |

- 1 -

Plaintiffs allege as follows:

**JURISDICTION**

1.    Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

**VENUE**

2.    In accordance with ERISA Section 502(e), 29 U.S.C. § 1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered and where the contractual obligations alleged herein are to be performed.

**PARTIES**

3.    Plaintiffs, Board of Directors of the Motion Picture Industry Pension Plan; Board of Directors of the Motion Picture Industry Individual Account Plan; Board of Directors of the Motion Picture Industry Health Plan ("Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds, which were created and are maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4.    The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are employee pension benefit plans as defined by ERISA Section 3(2), 29 U.S.C. § 1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an employee welfare benefit plan as defined by ERISA Section 3(1), 29 U.S.C. § 1002(1). The Pension Plan, IA Plan, and Health Plan (collectively, the "Plans") are multiemployer plans within the meaning of ERISA Sections 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

Section 21(A), 29 U.S.C. § 1002(21)(A). The Plans were established pursuant to Collective Bargaining Agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization.  The Plans are administered in Studio City, California.

5.      Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, C7 Production, Inc. ("C7"), was and is a corporation organized and existing under and by virtue of the laws of the state of Delaware with its principal place of business located in Houma, Louisiana.

6.      Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, Cross Creek Productions, LLC, ("Cross Creek") was and is a limited liability company organized and existing under and by virtue of the laws of the state of Delaware, with its principal place of business located in Huston, Texas.

7.  Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, C7 and Cross Creek (collectively referred to herein as "Defendants") were joint employers for the production of the film "The Trial of the Chicago 7" (the "Film") and were employers performing work in an industry affecting commerce within the meaning of the LMRA and ERISA.

8.      This Complaint is prosecuted pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), and ERISA Sections 502 and 515, 29 U.S.C. § 1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

## GENERAL ALLEGATIONS

9.      Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 8 of this Complaint, as if fully set forth herein.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

10.    On or about September 9, 2019, Defendants and the IATSE entered into a Project Agreement for the production of the Film whereby the Defendants acknowledged that the Film was subject to the separate collective bargaining agreements between and Cross Creek, and the IATSE, including but not limited to the Producer/I.A.T.S.E. Basic Agreement of 2018 ("Basic Agreement"), and the Agreement of Consent and Trust Acceptance relating to the Basic Agreement. A true and correct copy of the Project Agreement is submitted herewith and incorporated herein by this reference as "Exhibit 1."

11.    On or about September 19, 2019, C7 entered into a "Location Collective Bargaining Agreement" with the Theatrical Teamsters Local 817 covering Assistant Local Managers, Location Scouts, Location Coordinators and Location Assistants performing work on the Film ("Teamster Agreement"). A true and correct copy of the Teamster Agreement is submitted herewith and incorporated herein by this reference as Exhibit "2".  The Project Agreement and the Teamster Agreement are collectively referred to herein as "the Agreements".

12.   In conjunction with the execution of the Project Agreement, on or about September 9, 2019, C7 executed an IATSE Trust Acceptance, wherein it agreed to be bound by all terms and conditions of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements") and to contribute to the Plans on behalf of each employee covered by the Project Agreement. In connection with the execution of the Teamster Agreement, C7 executed an "Independent Theatrical – Television Locations Trust Acceptance ("Teamster Trust Acceptance") wherein C7 agreed to be bound by the terms and conditions of the Trust Agreements and to contribute to the Plans on behalf of each employee covered by the Teamster Agreement performing work on the Film. True and correct copies of the IATSE Trust Acceptance and the Teamster Trust Acceptance are submitted herewith and incorporated herein by reference as "Exhibit 3." The IATSE Trust Acceptance and the Teamster Trust Acceptance are referred collectively as "Trust Acceptances".

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

13. The Project Agreement and Trust Agreements were in full force and effect during all times relevant herein. The Teamster Agreement was in full force and effect through June 30, 2020.

14. The Trust Agreements obligate employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees, by the last day of the payroll week. Contributions are deemed delinquent if they are not received within ten (10) working days from the date such contributions become due.

15. The Trust Agreements provide that, in the event of a delinquency in contributions, employers shall be liable to the Plans for the contributions owed as well as: (i) interest on the delinquent contributions at the rate of one percent (1%) per month, accruing from the date the payment is due until the day payment is made; (ii) liquidated damages in an amount equal to the greater of either twenty percent (20%) of the amount of the contributions due or the amount of interest due, and; (iii) all expenses of collection, including but not limited to, reasonable accountants' fees, auditors' fees, attorneys' fees, and costs incurred in connection therewith.

16. At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Plans as a result of nonpayment of contributions by Defendants.  The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions.

17. The Trust Agreements (specifically, Article III of the Pension Plan, Article V of the Health Plan, and Article III of the IA Plan) provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit or an inspection of the records of any Employer which may be pertinent in connection with the said Contributions and/or reports insofar as same may be necessary to accomplish the purposes" of the Plans.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

18.   Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 17 of this Complaint, as if fully set forth herein.

19.   Plaintiffs are informed and believe and thereupon allege that Defendants employed persons who performed work on the Film covered under the Agreements but failed to report and pay contributions to the Plans for all covered employees, as required.

20.   As authorized by the Trust Agreements, on September 27, 2024, Plaintiffs completed and published an audit of Defendants' records (the "Audit"), which disclosed for the first time that Defendants had failed to pay contributions in the amount of $16,907.81 for hours worked by its employees during the period of August 25, 2019 to December 5, 2020. Prior to completion of the Audit, Plaintiffs has no reason to know and were unaware that Defendants had failed to properly report and pay contributions to the Plans.

21.   In accordance with the Trust Agreements, as of September 27, 2024, the date of publication of the Audit, interest in the amount of $6,233.24 had accrued and liquidated damages in the amount of $6,233.24 had been assessed on the delinquent contributions disclosed by the Audit. Interest and liquidated damages continue to accrue on the unpaid contributions at the rate of one percent (1%) per month from the date of publication of the Audit until the date the contributions are paid.

22.   As a result of Defendants' failure to timely report and pay contributions to the Plans, it has been necessary for Plaintiffs to employ the law firm of Wohlner Kaplon Cutler Halford Rosenfeld & Levy, and Plaintiffs have incurred attorneys' fees.

23.   Defendants have failed to respond to Plaintiffs' demands for payment and the full amount demanded remains due and owing, together with the interest

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

and liquidated damages that have continued to accrue at the rate of one percent (1%) per month from the date of publication of the Audit.

24.     As a result of Defendants' breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the total unpaid contributions, liquidated damages, interest, audit costs in the amount of $8,325.00, and all costs of collection including attorneys' fees, court costs, incurred in pursuing collection and enforcing the terms of the Agreements and the Trust Agreements.

25. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

26.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 25, as though fully set forth herein.

27.     By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Defendants violated ERISA Section 515, 29 U.S.C. § 1145. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Plaintiffs are entitled to, and hereby demand, payment by Defendants of all unpaid contributions, plus liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendants C7 Production, Inc., a Delaware corporation, and Cross Creek Productions LLC., a Delaware limited liability company, as follows:

## ON ALL CLAIMS FOR RELIEF

1.    For unpaid contributions in the sum of $16,907.81, as first disclosed by the Plans' Audit;

2.    For payment of interest calculated at the rate of one percent (1%) per month on all unpaid contributions from the dates the contributions were due until the dates paid;

3.    For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month from the date the contributions were due until the dates paid;

4.    For audit costs in the sum of $8,325.00;

5.    For attorney's fees and costs, including Court costs; and

6.    For such other relief as the Court deems appropriate

**ON THE SECOND CLAIM FOR RELIEF**

7.    For such other appropriate legal and/or equitable relief in accordance with ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

DATED: August 10, 2026            Kathryn J. Halford
                                 Nicholas Starkman
                                 **WOHLNER KAPLON CUTLER
                                 HALFORD ROSENFELD & LEVY**


                        By:    */s/ Kathryn J. Halford*
                                 Kathryn J. Halford
                                 Attorney for Plaintiffs
                                 Board of Directors of the Motion
                                 Picture Industry Pension Plan, et al.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA